IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case No. 4:19cv513-MW/CAS

SALTWATER SOL HOSPITALITY,
LLC D/B/A BUCCANEER INN,

    Plaintiff,

vs.

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff, Saltwater SOL Hospitality, LLC d/b/a Buccaneer Inn, by and through undersigned counsel, files this Motion for Voluntary Dismissal pursuant to Fed. Rules Civ. Proc. 41(a)(2) and states:

This Motion is based the attached Memorandum in Support of Plaintiff's Motion for Voluntary Dismissal Without Prejudice.

## LOCAL RULE 7.1(B) CERTIFICATE

I HEREBY CERTIFY that Plaintiff made a good faith effort to resolve this issue with Defendant.

WHEREFORE, Plaintiff, Saltwater SOL Hospitality, LLC d/b/a Buccaneer Inn, requests that this Court enter an order granting voluntary dismissal without prejudice, and provide such other relief as is meet and proper.

Respectfully submitted,

        INSURANCE LITIGATION GROUP, P.A.
        <u>Attorney for Plaintiff</u>
        1500 NE 162nd Street
        Miami, Florida 33162
        Telephone:   (786) 529-0090
        Facsimile:   (866) 239-9520
        E-Mail: <u>service@ILGPA.com</u>

        By:   <u>/s/ Christopher Aguirre,</u>
               CHRISTOPHER AGUIRRE, ESQ
               FL Bar No. 71370

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff seeks from this Court voluntary dismissal of the pending action under Fed. Rules Civ. Proc. 41(a)(2). Before the adverse party has served an answer or moved for summary judgment, a plaintiff may, at any time, dismiss an action without an order of the court. Fed. R. Civ. P. 41(a)(1). If the adverse party has served an answer, a plaintiff may dismiss an action only upon order of the court under such terms and conditions as the court deems appropriate. Fed. R. Civ. P. 41(a)(2). Dismissal under Rule 41(a)(1) or Rule 41(a)(2) is without prejudice, unless stated otherwise.

A court's determination of a motion for voluntary dismissal under Rule 41(a)(2) is discretionary and should generally be granted unless dismissal "will inflict clear legal prejudice on a defendant." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001); *Mediavation, Inc. v. Rodgers*, No. 6:08-cv-1903-Orl-19KRS, 2009 U.S. Dist. LEXIS 76623 (M.D. Fla. Aug. 27, 2009); *Conafay v. Wyeth Laboratories, Div. of American Home Products Corp.*, 841 F.2d 417, 419 (D.C. Cir. 1988). While discretion in determining a voluntary dismissal is broad, the court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg* at 1256 (citing *McCants*, 781 F.2d at 857)); *Mediavation, Inc*. at [*4]. Considerations generally relevant to this inquiry include the duration of the lawsuit, the number of motions filed, the pendency of any motions, the extent of discovery undertaken, whether any extensions of time were granted, and the plaintiff's purpose for moving for voluntary dismissal. *Mediavation, Inc*. at [*4].

Here, there is no basis for a finding of prejudice that would prevent the voluntary dismissal of this action. Although all Defendant has filed an answer, no substantive motions have been filed.

There being no substantive papers filed in this action, there being no clear legal prejudice to the parties by this action being dismiss, Plaintiffs should be permitted to dismiss the action.

Wherefore, for the above reasons, Plaintiffs respectfully request that this Motion for Voluntary Dismissal be granted.

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the instant motion and memorandum including the signatures and certificates contains 780 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served on May 18, 2020, via an automatic email generated by the Florida Courts E-Filing Portal to: **MICHELLE A. SHERMAN, Esq.,** MOZLEY, FINLAYSON & LOGGINS LLP, P.A. (ryoung@mfllaw.com, wtaylor@mfllaw.com, msherman@mfllaw.com).

Respectfully submitted,

INSURANCE LITIGATION GROUP, P.A.
Attorney for Plaintiff
1500 NE 162nd Street
Miami, Florida 33162
Telephone:   (786) 529-0090
Facsimile:    (866) 239-9520
E-Mail: service@ILGPA.com

By:   /s/ Christopher Aguirre,
         CHRISTOPHER AGUIRRE, ESQ
         FL Bar No. 71370