IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SALTWATER SOL HOSPITALITY, )
LLC d/b/a BUCCANEER INN,       )
                               )
    Plaintiff,                 )
                               )
v.                             )   Case No.: 4:19-cv-00513-MW-CAS
                               )
WESTCHESTER SURPLUS LINES      )
INSURANCE COMPANY,             )
                               )
    Defendant.                 )

## RESPONSE OF WESTCHESTER SURPLUS LINES INSURANCE COMPANY IN OPPOSITION TO PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE

Defendant Westchester Surplus Lines Insurance Company ("Westchester"), by and through its undersigned counsel, hereby files this response in opposition to plaintiff's motion for dismissal without prejudice, respectfully showing the Court as follows:

## I.  OVERVIEW

In its Order of May 7, 2020, this Court ordered Saltwater to "furnish discovery in accordance with this Court's March 11 Order, ECF No. 29, on or before May 22, 2020." [Doc. 43, p. 7 of 8]. This Court stated that, if Saltwater failed to comply with this order, this Court might dismiss the action, and in any event, this Court would

award sanctions against Saltwater for its past conduct. As grounds for this Order, this Court found as follows:

> Plaintiff has repeatedly disregarded this Court's orders, including an order compelling discovery, and has, on one occasion, falsely misrepresented compliance. Some sort of sanction, therefore, is plainly in order. Nevertheless, dismissal of this action would be unjust because a less drastic sanction would ensure compliance with the March 11 Order. This Court, therefore, stays furthers proceedings for fifteen (15) to allow Plaintiff to fully comply with the March 11 Order. If Plaintiff fails to comply with the March 11 Order by the end of the stay, this Court may dismiss this action. Further, Plaintiff and its attorneys are directed to pay reasonable expenses, including attorneys' fees, that Defendant has incurred in bringing this motion. The amount of expenses will be determined by this Court at the end of this lawsuit.

*Id., p. 7 of 8.* Saltwater, instead of complying with this Court's order to furnish discovery on or before May 22, 2020, moved on May 14, 2020 to dismiss this action without prejudice. [Doc. 51].

Westchester objects to the dismissal without prejudice sought by Saltwater. Westchester requests that this Court dismiss the action with prejudice due to Saltwater's failure to fully comply with this Court's order to furnish discovery, which amounts also to a failure to prosecute this action. In the alternative, if this Court finds the sanction of dismissal with prejudice to be inappropriate and decides to grant Saltwater's motion, Westchester requests that this Court condition dismissal without prejudice upon the payment by Saltwater of all attorney fees and costs incurred by Westchester in defending this matter and require any subsequent suit be filed in this Court.

## II.   <u>ARGUMENT AND CITATION OF AUTHORITY</u>

Federal Rule of Civil Procedure 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. … Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

A plaintiff does not enjoy a right to a dismissal without prejudice. ***Fisher v. P.R. Marine Mgmt., Inc.***, 940 F.2d 1502 (11th Cir. 1991). The district court, when exercising its discretion to allow a dismissal without prejudice, "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants." ***Id.*** at 1503. The district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." ***Pontenberg v. Boston Sci. Corp.***, 252 F.3d 1253, 1255-56 (11th Cir. 2001).

The decision before this Honorable Court is similar to the one in ***Russell-Brown v. Jerry***, No. 1:09-cv-00257-MP-AK, 270 F.R.D. 654, 660, 2010 U.S. Dist. LEXIS 92870, (N.D. Fla. Aug. 19, 2010), where the court held:

> The Court is now faced with two issues: First, should the Court allow the Plaintiff to voluntarily dismiss the instant case, 1:09-cv-00257, without prejudice? Second, if the Court allows the dismissal without prejudice, what are the "terms [of dismissal without prejudice] that the court considers proper" pursuant to Fed. R. Civ. P. 41(a)(2)?

**A.      Saltwater's Request For Dismissal Without Prejudice Should Be Denied**

This Court should deny Saltwater's motion to dismiss the complaint without prejudice, and instead, this Court should dismiss the complaint with prejudice under Fed. R. Civ. P. 42(b).

In deciding whether to allow a case to be dismissed without prejudice over the defendant's objection, "[t]he crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Pontenberg,* 252 F.3d at 1255-56; *see also Mediavation, Inc. v. Rodgers***,** No. 6:08-cv-1903_orl-19KRS, 2009 U.S. Dist. LEXIS 76623 (M.D. Fla. Aug. 27, 2009), holding that dismissal with prejudice should be granted unless dismissal "will inflict clear legal prejudice on a defendant." Ultimately, '[t]he court's task is to 'weigh the relevant equities and do justice between the parties.'" *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014).

The court in *Mediavation,* which permitted a dismissal without prejudice, found that "this case has proceeded with little delay since its inception," the only extension requested was by the defendant, and "both parties here have dutifully complied with each other's limited discovery requests." 2009 U.S. Dist. LEXIS 76623, at * 6-7. The court specifically distinguished the circumstances before it from those in *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006), and

*Mosley v. JLG Indus., Inc.*, 189 F. App'x 874, 876 (11th Cir. 2006), where the courts denied the plaintiffs' motions to dismiss without prejudice. In *Mediavation,* the court found: "[I]n McBride and Mosley, voluntary dismissal was inappropriate not merely due to the pending motion for summary judgment, but principally due to "the time that had passed since the case was filed, the many motions filed, . . . the discovery produced, . . . [the] considerable time … expended and expenses incurred, [and] the many extensions granted to Plaintiff for naught." *Mediavation*, at * 6-7 (citing *McBride* at 4).

Circumstances more prejudicial to Westchester than those that were present in *McBride* and *Mosley* are present in this action and they weigh against this Court granting Saltwater's motion to dismiss without prejudice. Westchester has spent considerable time and expense in filing multiple motions due to the Saltwater's failure to abide by the rules of procedure and the orders of this Court. This mirrors the fact patterns set forth in *McBride, supra,* and *Mosley*, *supra,* not the dutiful compliance of the plaintiff noted in *Mediavation*.

In *Opacmare USA, LLC v. Lazzara Custom Yachts, LLC*, No. 8:16-cv-3288-T-33JSS, 2017 U.S. Dis. LEXIS 180762, 2017 WL 4959436, (M.D. Fla. November 1, 2017), the court used the following four factor test to determine whether to grant a motion for dismissal without prejudice:

> In determining whether a defendant will suffer clear legal prejudice, 'the Court should consider such factors as the [1] defendant's effort and

expense of preparation for trial, [2] excessive delay and lack of diligence . . . in prosecuting the action, [3] insufficient explanation for . . . a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant.'

*Id.,* at *4. A dismissal without prejudice of Saltwater's complaint against Westchester is not appropriate under the totality of the circumstances and equities. The first factor set forth in ***Opacmare*** is the "defendant's effort and expense of preparation for trial." Westchester has incurred significant time and resources in litigating this matter. It has been forced to incur the costs of additional discovery due to Saltwater's failure to provide Rule 26 initial disclosures and documents, and it has been forced to file, not one, but two motions to compel and a motion for sanctions due to Saltwater's continued failure to comply with the rules of procedure and this Court's orders.

The second factor, "excessive delay and lack of diligence . . . in prosecuting the action," weighs heavily against Saltwater. This Court already has found that Westchester would be prejudiced by the extension of disclosure deadlines because Saltwater "could have made the disclosures if it had been diligent." *See* Doc. 52, page 4. This Court further found that "Plaintiff was not diligent in conducting discovery." *Id*. at 6.

In examining the third factor, **"**insufficient explanation for . . . a dismissal," the court in ***Opacmare*** found that the plaintiff had proffered a reasonable explanation for its request to voluntarily dismiss some, but not all, of the counts against the

defendant. The stated purpose "to streamline the issues to be adjudicated for the sake of judicial economy and the benefit of both parties by avoiding additional litigation costs" was a "reasonable explanation." ***Opacmare*** at 5-6. In contrast, Saltwater has not made any attempt whatsoever to explain the reasoning behind its request for a dismissal of the sole count against Westchester. Saltwater cannot satisfy that prong of the test.

Westchester concedes that this matter does not satisfy the final factor in a literal sense. No motion for summary judgment has been filed. However, this Court's collection of rulings against Saltwater, which granted Westchester's motion to compel and imposed sanctions [Doc. 29], imposed additional sanctions [Doc. 43], and most recently denied Saltwater the ability to serve initial and expert disclosures [Doc. 52], provides an advantage to Westchester that will be lost if dismissal without prejudice is allowed. Saltwater's motion to dismiss without prejudice seeks to avoid the negative outcomes brought about through its own acts and omissions. This satisfies the fourth and final factor in ***Opacmare***.

The court in ***Opacmare*** mentioned a fifth factor – "[a]nother relevant consideration is whether the plaintiff's counsel has acted in bad faith." ***Id.,*** at *4-5 (citing ***Goodwin v. Reynolds,*** 757 F.3d 1216, 1219 (11th Cir. 2014)). This Court already has found that Saltwater's conduct amounted to bad faith. In denying Saltwater's motion for leave to file initial and expert disclosures, this Court used the

multi-factor test set forth in ***Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship***, 507 U.S. 380, 388 (1993). This test included "whether the movant acted in good faith." ***Id.*** as quoted in [Doc. 52]. Examples of Saltwater's bad faith include counsel "who was careless in handling the scheduling and monitoring the case" [Doc. 52, page 4], raising the ongoing COVID-19 pandemic as a "red herring" argument for inaction during the months of November 2019 and January 2020 [Doc. 52, page 5], "falsely misrepresented compliance" [Doc. 43, page 7], service of "woefully inadequate" discovery responses [Doc. 43, page 3], which "appear to be a last-minute attempt to comply with this Court's March 11 order" [Doc. 43, page 4], and that "Plaintiff has failed to comply with these Court's orders on multiple occasions, failed to provide adequate discovery in a timely fashion in violation of the March 11 Order, and misled this Court." [Doc. 43, page 4]. Saltwater again has misled this Court by its latest filing of a notice of compliance. [Doc. 53]. Westchester will address this issue fully in its response to the notice of compliance.

Saltwater's decision to move to dismiss this action without prejudice rather than fully comply with this Court's May 7 order to comply with its March 11 order to furnish the discovery required by the rules of civil procedure amounts to the utmost in bad faith. Such conduct provides a further indication, if any was needed, that Saltwater intends never to fully furnish the requested discovery or to abide by the rules of procedure or the lawful orders of this Court during the litigation of this

matter. This conduct justifies dismissal of this action with prejudice. Federal Rule of Civil Procedure 42(b), which governs involuntary dismissal, states as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Saltwater's motion to dismiss this action without prejudice, rather than fully comply with this Court's orders regarding discovery, amounts to a failure to prosecute this action, as well as a failure to comply with a court order. Accordingly, this action should be dismissed with prejudice under Rule 42(b).

### B.   In The Alternative, This Court Should Condition A Voluntary Dismissal Upon The Payment Of All Of Westchester's Attorney Fees And Expenses

Fed. R. Civ. P. 41(a)(2) states in relevant part as follows: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The court in *Russell-Brown, supra,* held that, if dismissal without prejudice is appropriate, the analysis then turns to "what are the 'terms [of dismissal without prejudice] that the court considers proper' pursuant to Fed. R. Civ. P. 41(a)(2)?" *Russell-Brown* at 660.

Only the full payment of all of Westchester's attorney's fees and expenses incurred in the defense of this litigation can begin to mitigate the prejudice Westchester would face upon the granting of a dismissal without prejudice at this

stage of the litigation. "An assessment of attorney's fees and costs is intended to protect Defendant from 'the unfairness of duplicative litigation.'" *Arguellas Holding, LLC v. City of Umatilla,* No. 5:09-cv-383-Oc-10DAB, 2011 U.S. Dist. LEXIS 166312*, 2011 WL13319352, (M.D. Fla. Feb. 7, 2011) (*quoting Versa Prods., Inc. v. Home Depot*, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004)).

In *Ortega Trujillo v. Banco Central Del Ecuador,* 379 F.3d 1298, 1301 (11th Cir. 2004), the Eleventh Circuit upheld the trial court's requirement that the plaintiff pay all of the defendant's fees and costs as a condition of dismissal without prejudice. The defendant in that case presented evidence of approximately $700,000.00 in fees and costs. *Id.* at 1300. The trial court entered "an enforceable judgment on which defendant can execute." *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-cv-298-J-34PDB, 2014 U.S. Dist. LEXIS 83637*, 201 WL 2801202, (M.D. Fla. June 19, 2014) (*discussing Ortega Trujillo* at 1300). The Eleventh Circuit determined that "[t]here being only an assessment of attorney's fees and costs as the condition to this voluntary dismissal, we see no legal prejudice from the dismissal." *Id.* at 1302.

Likewise, the former Fifth Circuit[1] found that a requirement that the plaintiff in *Yoffe v. Keller Industries, Inc.,* 580 F.2d 126, 128 (5th Cir. 1978), pay $44,523.20

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on 30 September 1981.

in fees and costs as a condition of a dismissal without prejudice did "not amount to legal prejudice." *Id.* at 131. The Eleventh Circuit, in *Versa, supra,* pointed out that "in 2004 dollars [the fee award in *Yoffe*] would be a six-figure sum." *Versa* at 1328. If Saltwater intends to refile this action, the Court should order all fees and expenses incurred by Westchester in defending this action be paid in full by Saltwater as a condition of the dismissal without prejudice.

### C.   In The Alternative, Any Refiling Of This Case Should Be Conditioned Upon Saltwater's Payment Of All Of Westchester's Attorney Fees And Expenses

This Court has discretion to impose conditions "less severe than the conditions of immediate payment in *Ortega Trujillo* and *Yoffe." Versa, supra,* at ____. In *Versa,* the Eleventh Circuit upheld the trial court's condition that the "first condition – that Versa, upon refiling, pay the fees and costs incurred by [Defendant] in defending this case – is plainly intended to protect [Defendant] from unfairness of duplicative litigation." *Id.* Similarly, in *Opacmare,* the court required that if the plaintiff "files a future action based on or including the claims of the Amended Complaint," it must "pay all attorneys' fees and costs incurred by [Defendant] from its defense of the claim in the Complaint and Amended Complaint." *Opacmare* at 10. In *Arjuelles, supra,* the court ordered that if the plaintiff "ever refiles any action against Defendant upon these or substantially similar facts in any court, Plaintiff will be required to pay

the costs and attorney's fees Defendant incurred in defending this action." ***Arguelles*** at 5.

This Court therefore has the discretion to order that, if Saltwater ever refiles an action against Westchester upon the same or similar facts as those that are present in this action, it first must pay all of the costs, expenses and attorneys' fees incurred by Westchester in defending this action.

> **D.    In The Event That Saltwater Refiles This Action, It Should Be Required To Do So Only In The United States District Court For The Northern District Of Florida**

This Court also has the authority to order Saltwater to limit to the Northern District of Florida any subsequent refiling of a complaint against Westchester based on the facts alleged in the complaint in this action. The former Fifth Circuit described the condition placed on the 41(a)(2) dismissal in ***LeCompte v. Mr. Chip, Inc.,*** 528 F.2d 601, 602 (5th Cir. 1976), as follows:

> "The trial court granted the motion but appended several conditions to the dismissal at the behest of the defendants: **(1) that any subsequent suit must be filed in the same court;** (2) that plaintiff must show extraordinary circumstances to justify reopening the case; and (3) that plaintiff must make an affirmative demonstration to the court's satisfaction that a valid cause of action can be maintained against defendants." Emphasis added.

Based on the precedent set in ***LeCompte*,** as well as the Sixth Circuit case of ***Scholl v. Felmont Oil Corp.***, 327 F.2d 697, 699-700 (6th Cir. 1964), the Eleventh Circuit in ***Versa, supra,*** found that such a restriction "does not constitute legal prejudice to

[Plaintiff]. This venue restriction protects [Defendant] from the unfairness of having to relitigate the issue of the more convenient forum for this dispute, but the venue restriction maintains the right of [Plaintiff] to file a new complaint." *Versa* at 1329.

### E.   This Court's Sanctions Award Remains Outstanding

This Court's order on Westchester's motion for sanctions [Doc. 43, page 7-8] held that "Plaintiff and its attorneys shall pay Defendant its reasonable expenses incurred in bringing the instant motion in an amount to be determined by this Court at the end of this lawsuit." Westchester has argued that all of its fees and costs should be paid by Saltwater as a condition of dismissal without prejudice. However, if the Court decides instead to condition the refiling upon the payment of fees and costs, Westchester requests that this Court enforce the order on Westchester's motion for sanctions, determine the appropriate amount Saltwater and its attorneys must pay to Westchester before relinquishing jurisdiction over this case, and enter a final judgment against Saltwater in that amount.

## IV.   <u>CONCLUSION</u>

Saltwater has not made any attempt to demonstrate a good faith purpose for its request to voluntarily dismiss this matter without prejudice. As this Court has determined time and time again, Saltwater and its attorneys have acted outside the bounds of all norms that should be expected in a case before the United States District Court. The case should therefore be dismissed with prejudice.

In the alternative, if the Court determines that it is necessary to grant a dismissal without prejudice, Westchester requests that the dismissal be contingent upon payment of all fees and costs incurred by Westchester or that the refiling of this cause be conditioned upon such payment of those fees and costs, and any refiled action must be refiled only in this Court.

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the instant motion and memorandum contains 3,466 words.

*/s/ J. Richard Young*
J. RICHARD YOUNG
Fla. Bar No. 0563250


Respectfully submitted this 29th day of May, 2020.


*/s/ J. Richard Young*
J. RICHARD YOUNG
Florida Bar No. 0563250
MOZLEY, FINLAYSON & LOGGINS LLP
4767 New Broad Street
Orlando, Florida 32814
Tel: (407) 514-2765 Ext. 2317
Fax: (404) 250-9355
ryoung@mfllaw.com

-and-

WAYNE D. TAYLOR
Georgia Bar No. 701275

*Admitted in USDC NDFL*
MICHELLE A. SHERMAN
Georgia Bar No. 835980
*Admitted in USDC NDFL*
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com

*Attorneys for Defendant Westchester Surplus Lines Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of this document has been served on the 29th day of May 2020 to the parties identified below (i) through the United States District Court, Northern District of Florida, CM/ECF system or (ii) by the alternative method specified above the party's name.

Christopher Alexander Aguirre
Service@ilgpa.com
attorneyservice@ilgpa

*/s/ J. Richard Young*
J. RICHARD YOUNG
Mozley, Finlayson & Loggins LLP
4767 New Broad Street
Orlando, FL 32814
407.514.2765
FL Bar: 0563250
RYoung@MFLLaw.com